IN THE CIRCUIT COURT OF TANEY COUNTY, MISSOURI

BRIAN M. CLAWSON, )
P.O. Box 2292 )
Alvin, TX 77512 )
 )
               Plaintiff, )
 )
v. ) Case No._____
 ) Division:_____
ART LOGISTIC, INC., )
Service Accepted by: ) JURY TRIAL DEMANDED
Jim Foland )
Foland Wickens Eisfelder Roper )
  & Hofer, P.C. )
1200 Main Street, Ste. 2200 )
Kansas City, MO 64105 )
 )
and )
 )
DANIEL J. KIMMEL, )
Serve at: )
409 West Terrace St. )
Villa Park, IL 60181 )
 )
              Defendants. )

## PETITION FOR DAMAGES

COMES NOW plaintiff Brian M. Clawson, by and through counsel, and for his causes of action against the above-named defendants alleges the following:

### PLAINTIFF BRIAN M. CLAWSON

1. At all relevant times, plaintiff Brian M. Clawson has been an individual over the age of twenty-one (21) and a resident of Alvin, Brazoria County, Texas.

### DEFENDANT ART LOGISTIC, INC.

2. At all relevant times, defendant Art Logistic, Inc. (Art Logistic) has been a corporation organized and existing under the laws of the state of Illinois, operating as a commercial

**EXHIBIT A**

motor carrier in many states, including the state of Missouri, and having its principal place of business at 425 W. Factory Rd., Addison, Illinois, 60101.

3. Service of process over defendant Art Logistic has been accepted by its attorney Jim Foland of Foland Wickens Eisfelder Roper & Hofer, P.C. 1200 Main Street, Ste. 2200, Kansas City, Missouri 64105.

## DEFENDANT DANIEL J. KIMMEL

4. At all relevant times, defendant Daniel J. Kimmel (Kimmel) has been an individual over the age of twenty-one (21) residing, upon information and belief, at 438 North Westmore, Villa Park, IL 60181.

5. Service of process may be had over defendant Kimmel by serving him personally at 409 West Terrace Street, Villa Park, IL 60181.

## AGENCY

6. At all relevant times, defendant Art Logistic was acting by and through its employees, agents and servants, actual or ostensible, including, but not limited to defendant Kimmel. Moreover, at all relevant times, defendant Kimmel was acting within the course and scope of his agency, employment and/or servitude with defendant Art Logistic.

## VENUE AND JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to Article V, sec 14 of the Missouri Constitution.

8. This Court has personal jurisdiction over defendants Art Logistics and Kimmel pursuant to Mo. Rev. Stat. § 506.500 in that these defendants engaged in the transaction of business within this state and committed the tortious acts complained of within this state.

Accordingly, it does not defeat traditional notions of fair play and substantial justice for this Court to exercise jurisdiction over these defendants.

9. Venue is proper in this Circuit pursuant to § 508.010, R.S.Mo. in that plaintiff first sustained injury as a result of the wrongful acts and negligent conduct alleged herein in Taney County, Missouri.

## FACTS COMMON TO ALL COUNTS

10. U.S. Route 65 (US 65) is a public highway generally running north and south through the state of Missouri, including Taney County.

11. On December 19, 2013, prior to 9:45 p.m., plaintiff was operating a 2010 Freightliner tractor-trailer unit northbound on US 65 in Taney County, Missouri.

12. On December 19, 2013, prior to 9:45 p.m., defendant Kimmel was operating a 2005 Volvo tractor-trailer unit northbound on US 65 in Taney County, Missouri.

13. Defendant Art Logistics owned and operated the 2005 Volvo tractor-trailer unit, which Kimmel was driving.

14. At approximately 9:45 p.m., plaintiff's tractor trailer was climbing an uphill grade on northbound US 65 with the hazard lights activated and flashing. The road was straight, the pavement was dry and the weather was clear.

15. At this same time, the Art Logistics tractor trailer defendant Kimmel was driving approached plaintiff from behind at a higher rate of speed.

16. At approximately 9:45 p.m., the Art Logistic's tractor-trailer struck the rear of plaintiff's vehicle.

17. Plaintiff sustained physical injuries as a result of the collision.

## COUNT I

## (Negligence)

### (Plaintiff v. All Defendants)

18. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

19. On December 19, 2013, while utilizing the public roadway US 65 in the state of Missouri, the defendants owed to plaintiff a duty to operate the Art Logistics tractor-trailer with the highest degree of care and under control so as not to injure, harm or maim other motorists, including plaintiff.

20. Defendants breached their duty by operating the Art Logistics tractor-trailer in a careless and negligent manner in at least the following respects:

    a. In negligently and carelessly striking plaintiff's vehicle as plaintiff was proceeding northbound on US 65;

    b. In negligently and carelessly failing to maintain a proper and safe distance from plaintiff's vehicle;

    c. In negligently and carelessly failing to keep a proper lookout for other vehicles, including plaintiff's vehicle;

    d. In negligently and carelessly failing to reduce or slacken speed so as to avoid colliding with plaintiff's vehicle;

    e. In negligently and carelessly operating the Art Logistic's tractor trailer at an excessive speed that was unsafe for the conditions;

    f. In negligently and carelessly failing to change lanes so as to prevent a collision with plaintiff;

g. In negligently and carelessly failing to sound a horn or give warning at any time during the incident sequence;

h. In negligently and carelessly failing to maintain control of the Art Logistic's tractor trailer;

i. In negligently and carelessly failing to yield the right of way to plaintiff's vehicle, which was traveling ahead of the defendant's tractor trailer;

j. In negligently and carelessly following too close to plaintiff's vehicle;

k. In operating the tractor-trailer in violation of the following Missouri Revised Statutes, including:

    1. Section 304.012, which states in part:

        1. Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

    2. Section 304.017, which states in part:

        1. The driver of a vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway.

    3. Section 304.044, which states in part:

        2. The driver of any [vehicle, tractor, trailer, or semitrailer], when traveling upon a public highway of this state outside of a business or residential district, shall not follow within three hundred feet of another such vehicle; provided, the provisions of this section shall not be construed to prevent the overtaking and passing, by any such [vehicle, tractor, trailer, or semitrailer], of another similar vehicle.

l. In negligently and carelessly violating 49 CFR 392.3, which states in part:

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

m. In other particulars at present unknown to plaintiff but which plaintiff believes will be discovered during the prosecution of this action.

### PLAINTIFF BRIAN CLAWSON'S INJURIES AND DAMAGES

21. As a direct and proximate result of the defendants' acts of negligence, plaintiff Brian Clawson sustained severe, permanent, debilitating and progressive injuries including bilateral rotator cuff tears, which necessitated multiple surgeries.

22. As a direct and proximate result of the defendants' acts of negligence, plaintiff has been forced to expend sums of money for medical, therapeutic and rehabilitative care and treatment and will be forced to expend additional sums for such care and treatment in the future. Additionally, as a direct and proximate result of the defendants' acts of negligence and plaintiff's resulting injuries, plaintiff has lost income in the past and will lose income in the future.

23. As a direct and proximate result of the defendants' acts of negligence, plaintiff has sustained great physical pain and suffering, mental suffering, loss of the enjoyment of life and permanent physical weakness and dysfunction.

WHEREFORE, plaintiff prays for judgment on Count I of this Petition against defendants for such sums as are fair and reasonable, together with any costs incurred herein and for such other relief permitted by law this Court deems just and proper.

### COUNT II

**(Negligence Per Se)**

### (Plaintiff v. All Defendants)

24. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

25. On or about December 19, 2013, the State of Missouri had in full force and effect certain traffic statutes designed to protect drivers using Missouri's roadways from collisions and injuries.

26. On December 19, 2013, the defendants violated these statutes in the following particulars, the breach of which constitutes actionable negligence per se:

    a. In failing to keep a proper and careful lookout in violation of § 304.012, R.S.Mo.;

    b. In failing to maintain a proper and safe distance from plaintiff's vehicle in violation of § 304.012, R.S.Mo.;

    c. In striking plaintiff's vehicle in violation of § 304.012, R.S.Mo.;

    d. In driving at an excessive speed under the circumstances in violation of § 304.012, R.S.Mo.;

    e. In failing to reduce or slacken speed to avoid colliding with plaintiff's vehicle in violation of § 304.012, R.S.Mo.;

    f. In failing to change lanes so as to avoid colliding with plaintiff's vehicle in violation of § 304.012, R.S.Mo.;

    g. In failing to yield the right of way to plaintiff's vehicle in violation of § 304.012, R.S.Mo.;

    h. In following plaintiff's vehicle too closely in violation of § 304.017, R.S.Mo.; and,

  i. In following plaintiff's vehicle too closely in violation of § 304.044, R.S.Mo.

27. The General Assembly promulgated the aforementioned statutes to protect drivers using Missouri roadways, including plaintiff, from injury.

28. Plaintiff was a member of the class of persons these statutes were intended to protect; and the injuries plaintiff sustained as more fully set forth above are the type of injuries the aforementioned statutes were designed to prevent.

29. Likewise, on December 19, 2013 there were in full force and effect federal regulations designed to protect drivers using roadways from collisions with tractor trailer units and resulting and injuries.

30. On December 19, 2013, the defendants violated these regulations in the following particulars, the breach of which constitutes actionable negligence per se:

  a. In operating the Art Logistic tractor trailer unit when defendant Kimmel's ability or alertness to do so was impaired in violation of 49 C.F.R. 392.3.

31. As a direct and proximate result of the defendants' violation of the aforementioned statutes, plaintiff sustained the injuries and damages set forth above.

WHEREFORE, plaintiff prays for judgment on Count II of this Petition against defendants for such sums as are fair and reasonable, together with any costs incurred herein and for such other relief permitted by law this Court deems just and proper.

## COUNT III

### (Punitive Damages)

### (Plaintiff v. All Defendants)

32. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

33. Defendants knew, or in the exercise of the highest degree of care should have known, that operating the Art Logistic's tractor trailer unit in the manner described above created a high probability of injury to others. On December 19, 2013, the defendants, therefore, showed a complete indifference to and/or conscious disregard towards the safety of plaintiff by engaging in the conduct enumerated above, and more specifically, by inexplicably ramming plaintiff's vehicle from behind while plaintiff was proceeding lawfully in the right hand lane of northbound US 65.

34. The defendants' complete indifference to and conscious disregard for plaintiff, his safety, and the state statutes and federal regulations set forth above justifies an award of punitive damages to punish and deter defendants from engaging in such conduct in the future.

WHEREFORE, plaintiff prays the Court for judgment on Count III of this Petition against defendants for punitive damages in a reasonable amount that will serve to punish and deter defendants from committing like conduct in the future, for costs incurred herein, and for such other relief permitted by law this Court deems just and proper.

## COUNT IV

### (Negligent Hiring, Supervision and Retention)

### (Plaintiff v. Defendant Art Logistic)

35. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

36. Defendant Art Logistics owed a duty of reasonable care to plaintiff in the hiring, supervision and retention of defendant Kimmel.

37. Defendant Art Logistics breached its duty to utilize reasonable care in the hiring, supervision and retention of defendant Kimmel based upon Kimmel's inability to

reasonably and safely operate a tractor-trailer and comply with state statutes and federal regulations in a prudent manner.

38. Defendant Art Logistics' failure to use reasonable care in the hiring, supervision and retention of defendant Kimmel directly and proximately caused, or contributed to cause, the injuries sustained by plaintiff in the particulars detailed above. Had defendant Art Logistics used the care and skill exercised by a reasonable trucking company under the same or similar circumstances, defendant Kimmel would not have been hired, would have adequately better trained, would have been adequately supervised and/or would not have been retained, any of which would have prevented the subject collision.

39. As a direct and proximate result of defendant's Art Logistics' negligent hiring, supervision and training of Kimmel, plaintiff suffered the injuries detailed above, and plaintiff has sustained the damages detailed above.

WHEREFORE, plaintiff pays for judgment on Count IV of this Petition against defendants for such sums as are fair and reasonable, together with any costs incurred herein and for such other relief permitted by law this Court deems just and proper.

**Respectfully submitted,**

**BARTIMUS, FRICKLETON and ROBERTSON, P.C.**

/s/Edward D. Robertson, III
EDWARD D. ROBERTSON III   MO BAR # 58801
MIKE MEYER                MO BAR # 61608
ONE HALLBROOK PLACE
11150 OVERBROOK ROAD, SUITE 200
LEAWOOD, KANSAS 66211
(913) 266-2300
(913) 266-2366 FAX

**ATTORNEYS FOR PLAINTIFF**